# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

**WELLS FARGO BANK, N.A.,**
**as Trustee,**

        Plaintiff,

        **Case No. 09-CV-768**

    -vs-

**LAKE OF THE TORCHES ECONOMIC**
**DEVELOPMENT CORPORATION,**

        Defendant.

## DECISION AND ORDER

This matter comes before the Court on remand from the Seventh Circuit. On appeal, the Seventh Circuit upheld the Court's determination that the trust indenture "constitutes an unapproved management contract within the meaning of the [Indian Gaming Regulation Act] and is therefore void. Consequently, Lake of the Torches' waiver of sovereign immunity contained in that document is also void and cannot serve as a predicate for the district court's jurisdiction." *Wells Fargo v. Lake of the Torches*, 658 F.3d 684, 685 (7th Cir. 2011). However, the Seventh Circuit also held that the Court "should have permitted Wells Fargo leave to file an amended complaint to the extent that it presented claims for legal and equitable relief in connection with the bond transaction on its own behalf and on behalf of the bondholder." *Id.* at 702. Therefore, Wells Fargo's motion for leave to file an amended complaint [D. 50] is **GRANTED**. On or before **December 2, 2011**, Wells Fargo should file an amended complaint that is consistent with the mandate of the Seventh Circuit.

-2-

The Seventh Circuit further held that upon the filing of an amended complaint, "the district court should address the issue of whether, now that the Indenture has been determined to be void, Wells Fargo has standing to litigate claims on behalf of the bondholder. The court also must determine whether the collateral documents, when read separately or together, waive the sovereign immunity of the Corporation with respect to any such claims. If such a waiver is found, the court may proceed to determine the merits of those claims." *Wells Fargo* at 702. Accordingly, the Court must resolve the issues of standing and waiver before this matter can proceed to the merits. The parties should confer and submit a proposed briefing schedule for the resolution of these issues. If the parties cannot come to an agreement, the parties may file separate position statements on how they wish to proceed. These submissions should be filed on or before **December 9, 2011**.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2011.

                                                    **BY THE COURT**:

                                                    _____
                                                    **HON. RUDOLPH T. RANDA**
                                                    **U.S. District Judge**