UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**WELLS FARGO BANK, N.A.,**
as Trustee,

                    Plaintiff,

                                                                **Case No. 09-CV-768**

       **-vs-**

**LAKE OF THE TORCHES ECONOMIC
DEVELOPMENT CORPORATION,**

                    Defendant.

---

## DECISION AND ORDER

---

Pursuant to the remand of the Seventh Circuit, the Court granted Wells Fargo leave to file an amended complaint. The Court also directed the parties to confer and submit a proposed briefing schedule for addressing the antecedent issues of standing and sovereign immunity. The parties disagree on how the case should proceed because the proposed amended complaint specifically disavows the existence of diversity jurisdiction. Instead, the proposed amendment alleges that "[a]lthough Plaintiffs plead no express federal cause of action, this Court may have subject matter jurisdiction over Plaintiffs' claims against EDC and the Tribe pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because the action involves the litigation concerning agreements with a corporation chartered by the Tribe that operates a casino. Plaintiffs believe this threshold issue should be resolved at the outset of the litigation."

The defendant, Lake of the Torches Economic Development Corporation, wants to brief the issue of subject matter jurisdiction first before reaching the standing and sovereign immunity issues. However, standing and sovereign immunity are both in some sense related to the overarching concept of subject matter jurisdiction. Standing is generally considered a "species of subject matter jurisdiction." *Chandler v. State Farm Mu. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Sovereign immunity is a "jurisdictional bar with a 'hybrid nature,' similar in some respects to personal jurisdiction and to subject matter jurisdiction in others, it is on all fours with neither." *Maysonet-Robles v. Cabrero*, 323 F.3d 43, 50 (1st Cir. 2003). Therefore, the Court would benefit from simultaneous briefing on all three issues. Lake of the Torches' rights with respect to answering the proposed amended complaint and/or responding to the motion for leave to file are reserved.

Briefing should proceed as follows:

- Opening Briefs (both parties): **February 17, 2012**
- Response Briefs (both parties): **March 16, 2012**

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2012.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**