UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**WELLS FARGO BANK, N.A.,**
as Trustee,

        Plaintiff,

                              **Case No. 09-CV-768**

-vs-

**LAKE OF THE TORCHES ECONOMIC
DEVELOPMENT CORPORATION,**

        Defendant.

---

**DECISION AND ORDER**

---

It isn't very often that a case comes before the Court in which both parties want the case to be dismissed, albeit for different reasons. After this case was remanded, the Court issued an order granting the plaintiff, Wells Fargo Bank, N.A., leave to file an amended complaint that is "consistent with the mandate of the Seventh Circuit." In response, Wells Fargo filed an amended complaint that completely disregards the Seventh Circuit's mandate and the overall direction and impact of the prior proceedings in this case. For the reasons that follow, Wells Fargo is ordered, once again, to file a pleading that complies with the mandate of the Seventh Circuit. Wells Fargo is also ordered to show cause as to why it should not be sanctioned for violating the Court's order.

In the prior district court proceedings, Wells Fargo alleged that the Lake of the Torches Economic Development Corporation breached a Trust Indenture Agreement. The Court dismissed the case because the "Trust Indenture is a management contract that was

executed without prior approval from the National Indian Gaming Commission. Without prior approval, the entire contract is void *ab initio*." *Wells Fargo Bank, N.A. v. Lake of the Torches*, 677 F. Supp. 2d 1056, 1057 (W.D. Wis. 2010). On appeal, the Seventh Circuit upheld the Court's determination that the trust indenture "constitutes an unapproved management contract within the meaning of the [Indian Gaming Regulation Act] and is therefore void. Consequently, Lake of the Torches' waiver of sovereign immunity contained in that document is also void and cannot serve as a predicate for the district court's jurisdiction." *Wells Fargo v. Lake of the Torches*, 658 F.3d 684, 685 (7th Cir. 2011). However, the Seventh Circuit also held that the Court "should have permitted Wells Fargo leave to file an amended complaint to the extent that it presented claims for legal and equitable relief in connection with the bond transaction on its own behalf and on behalf of the bondholder." *Id.* at 702. The Seventh Circuit further held that upon the filing of an amended complaint, "the district court should address the issue of whether, now that the Indenture has been determined to be void, Wells Fargo has standing to litigate claims on behalf of the bondholder. The court also must determine whether the collateral documents, when read separately or together, waive the sovereign immunity of the Corporation with respect to any such claims. If such a waiver is found, the court may proceed to determine the merits of those claims." *Id.*

As noted, the Court directed Wells Fargo to file an amended complaint that is consistent with the mandate of the Seventh Circuit. In response, Wells Fargo filed amended pleadings that attempt to add multiple parties to the case, both as plaintiff and as defendant.

-2-

Wells Fargo then proceeded to argue that the Court now lacks subject matter jurisdiction because of the addition of these parties, so the case should be dismissed before the Court can reach the issues that were explicitly flagged by the Seventh Circuit.

The mandate rule "requires a lower court to adhere to the commands of a higher court on remand." *United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995). This rule is a stricter corollary of the "law of the case" doctrine. *Id.* at 779. When a "court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court." *Waid v. Merrill Area Pub. Sch.*, 130 F.3d 1268, 1272 (7th Cir. 1997). On appeal, the Seventh Circuit explicitly found that Wells Fargo and the Corporation were completely diverse for purposes of subject matter jurisdiction. 28 U.S.C. § 1332(a). The Seventh Circuit's ruling that the Court should have permitted Wells Fargo leave to file an amended complaint was in reference to Wells Fargo's motion for leave to file an amended complaint, a motion that was filed soon after the Court made its initial ruling that the Indenture was void. After remand, the Court retroactively granted this motion as directed by the court of appeals. Obviously, the implication of the Seventh Circuit's ruling is that the Court would continue to exercise subject matter jurisdiction after the remand, on the basis of a pleading brought by Wells Fargo (only) and against the Corporation (only). By attempting to bring additional parties into this case and thereby destroy the Court's subject matter jurisdiction, Wells Fargo violated this Court's order to file an amended complaint that is consistent with the mandate of the Seventh Circuit.

For whatever reason, after years of litigation, Wells Fargo is attempting to avoid a substantive, preclusive ruling in federal court. In fact, it appears that Wells Fargo wants to start over in a different forum – Waukesha County Circuit Court, where Wells Fargo, in addition to the plaintiffs Wells Fargo attempted to bring into this case, are now pursuing claims that are identical to the claims alleged here on remand. This strategy will not be tolerated. Wells Fargo must file a pleading that complies with the mandate of the Seventh Circuit. Otherwise, this matter will be dismissed with prejudice. Fed. R. Civ. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (district court "has the authority under [Rule 41(b)] to enter a sua sponte order of dismissal for lack of prosecution"); *Harrington v. City of Chi.*, 433 F.3d 542, 548 (7th Cir. 2006) ("long-standing precedent holds that district courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party"); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

Moreover, Wells Fargo's attempt to raise the issue of subject matter jurisdiction forced the Corporation to brief an issue that never should have been raised in the first place. Wells Fargo and its counsel must explain why they should not be sanctioned for this conduct. Fed. R. Civ. P. 11(b); 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Within **ten (10)** days of the date of this Order, Wells Fargo must file a pleading that complies with the mandate of the Seventh Circuit. Failure to do so will result in this matter being dismissed with prejudice; and

2. Within **ten (10)** days of the date of this Order, Wells Fargo and its counsel must show cause as to why they should not be sanctioned for failing to comply with this Court's order to file a pleading that complies with the mandate of the Seventh Circuit.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**